ON REHEARING.
Wilson, P. J.
We have given most careful consideration to the views of counsel for plaintiff in error, so ably presented in his brief and at the oral argument on the rehearing granted in this cause, but we see no reason to withdraw, change or modify the opinion heretofore handed down. The additional investigation has served only to confirm us in the correctness of our views as there expressed.
The object of all written pleading is to bring before the court the real matter in controversy between the parties, the grounds of their dispute, and to present the issues to be determined with certainty, precision and definiteness, so that each party may be clearly advised as to the allegations of the other, and the court fully informed as to the points of dispute. Bliss on Code Pleading, § 138 et seq. ; Pomeroy on Remedies and Remedial Rights, § 633.
A most material and important allegation in the complaint under consideration, one upon which the entire theory of the *415 case depended, and one which, if denied, it would have been absolutely essential to have shown in order to have entitled plaintiff to the relief sought, was “ that for the purpose of securing the payment of said note and interest, the defendant did on the 2d day of May, 1895, at the time of executing the aforesaid promissory note, and as a part of the same transaction, cause a deed of conveyance to be made to the plaintiff of the following described lands,” — being the same lands described in the title bond which this action sought to foreclose. Upon this allegation, all other averments in the complaint depended. All others, it may be said, were the natural sequence of it. If this allegation was untrue, the whole superstructure of the complaint fell to the ground: plaintiff was entitled to no relief. It is not pretended that there was any specific denial of this allegation, nor that there was any plea of confession and avoidance. But defendant’s counsel urge with much force and zeal that it is covered bjr the general denial in the answer, which reads as follows:
“ 15. And this defendant denies each and every other allegation of the said complaint, except as herein expressly admitted, qualified or explained.”
Section 71 of our civil code of procedure provides that every material allegation of the complaint or answer not controverted by the answer or replication thereto, shall for the purposes of the action be taken as true. Speaking generally, we are clearly of the opinion that the clause which we have quoted from the defendant’s answer does not constitute a denial. If the clause had ended with the word “ admitted,” there being no attempt in this case at confession and avoidance, it would have been sufficient, but when the force and effect of this denial was qualified by adding the words, “ qualified or explained,” such force and effect was entirely destroyed. It violated every principle of good pleading. Instead of serving to clearly define the issues, and present definitely the points in controversy, these words could serve only to cloud the issue, and make it indefinite and uncertain. Particularly is this so in this case, where the answer was *416 lengthy, and in various portions it might be claimed that there was an attempt to explain or qualify these material averments. There was enough to raise a doubt in any event. A pleader has no right to impose upon the court the burden of ascertaining what he calls a qualification or an explanation. It cannot be permitted under any procedure to thus drive both the opposing party and the court' into the wide and pathless field of speculation and conjecture. Indeed, in many cases — and it is true of this one — -such a determination would be impossible. The allegation of the complaint was not involved, but clear and clean-cut, and easily susceptible of a denial, if such was desired by the defendant. Besides, a close reading of the answer, especially those parts of it wherein it might be said there were attempted explanations or qualifications, would indicate that it was not intended to deny this allegation.
The former opinion will be adhered to, and the judgment affirmed.

Affirmed.